IN RE:                                          :
                                                :
                                                :
Brian D. Umholtz                                :
Jacqueline L. Miller                            :      CASE NO. 1:25-bk-03327-HWV
    Debtors                  :      CHAPTER 13
                                                :
                                                :
                                                :
Jack Zaharopoulos, Chapter 13Trustee            :
    Movant                   :
                                                :
                                                :
                                                :
                                                :
Brian D. Umholtz                                :
Jacqueline L. Miller                            :
    Respondents              :
                                                :
                                                :

**DEBTORS' BRIEF IN OPPOSITION TO MOTION OF CHAPTER 13 TRUSTEE TO DISMISS**

NOW COME Brian D. Umholtz and Jacqueline L. Miller ("Debtors"), by and through their counsel, John M. Hyams, submit this Brief in Opposition to the Motion to Dismiss Pursuant to §109(e) for Exceeding Chapter 13 Debt Limit filed by Jack Zaharopoulos, Chapter 13 Trustee as follows:

I. INTRODUCTION

Trustee seeks dismissal of this Chapter 13 case on the basis that Debtors allegedly exceed the debt limitations of 11 U.S.C. §109(e). The Motion should be denied because Trustee has not

established that Debtors owed, on the petition date, noncontingent and liquidated debts exceeding the statutory cap.

The claim that purportedly causes Debtors to exceed the limitation is that of Univest Bank and Trust Co. ("Univest"). That obligation arises from a business loan guaranteed by Debtors and secured by assets of the business borrower, including restaurant assets, equipment, and a valuable liquor license. Until such collateral is liquidated and creditor recovery determined, the amount of any deficiency claim against Debtors cannot be known with certainty.

Accordingly, the Univest obligation should not be counted in the full amount asserted by Trustee for §109(e) purposes.

## II. RELEVANT FACTS

Debtors filed the above-captioned Chapter 13 case at No. 1:25-bk-03327-HWV.  The bar deadline in which to file claims has expired.  Allowed proofs of claim in this case reflect total secured claims of $1,733,764.76 and total unsecured claims of $30,800.30, exclusive of the disputed treatment of the Univest claim. Debtors executed guaranty obligations in connection with a commercial/business loan involving a restaurant enterprise. That underlying business indebtedness is secured by business assets, including:

a. restaurant equipment;

b. operating assets;

c. inventory and related assets; and

d. a liquor license possessing independent transferable market value.

Those assets have not been fully liquidated. Accordingly, any net deficiency claim, if any, owed by Debtors under any guaranty remains uncertain.

III. LEGAL STANDARD

Section 109(e) provides that only an individual with regular income who owes, as of the petition date, unsecured debts of less than $526,700.00 and secured debts of $1,580,125.00 may proceed under Chapter 13. Eligibility is determined as of the petition date and only debts that are both noncontingent and liquidated are counted toward the statutory limit. See Scovis v. Henrichsen, 249 F.3d 975, 981 (9th Cir. 2001).

A debt is contingent where liability depends upon a future event that may never occur. In re Mazzeo, 131 F.3d 295, 303 (2d Cir. 1997). A debt is liquidated when its amount is readily ascertainable by simple computation or reference to an agreement. See In re Mazzeo. Where substantial factual development is necessary to determine amount, the debt is unliquidated. United States v. Verdunn, 89 F.3d 799, 802 (11th Cir. 1996). Although not directly a §109(e) case, the Third Circuit has recognized that bankruptcy claim analysis must account for the contingent nature of obligations and future events affecting liability. See In re W.R. Grace & Co., 729 F.3d 311 (3d Cir. 2013).

## IV. ARGUMENT

Trustee has not established that the Univest claim is a fully liquidated debt in the amount asserted. Trustee's Motion appears to assume that the entire face amount of the Univest business obligation should be counted against Debtors for eligibility purposes. That position ignores the substantial collateral securing the debt. The business borrower's assets include equipment, operating assets, and a liquor license with independent value. Until those assets are liquidated or valued, no party can determine:

> a. creditor's total recovery from collateral;
>
> b. whether any deficiency will remain; or
>
> c. the amount of any deficiency claim against Debtors.

Where the amount of liability depends upon liquidation of collateral and future factual determinations, the debt is not readily ascertainable and is therefore unliquidated. See United States v. Verdunn, 89 F.3d at 802. Debtors ague that guaranty liability dependent upon deficiency and enforcement has to be contingent. Debtors' liability arises from guaranty obligations connected to the business loan and courts recognize that guaranty obligations may remain contingent where liability depends on future enforcement and resulting deficiency. In the case of In re Knight, 55 F.3d 231 (7th Cir. 1995), the Court examined guaranty liability in the §109(e) context and emphasized that present enforceability controls. Likewise, In re Mazzeo held that where future events must occur before liability becomes fixed, the debt is contingent.

Here, because creditor recovery from the business collateral remains unresolved any actual deficiency has not been determined, Trustee has not shown a presently fixed claim in the amount asserted. Courts give weight to good-faith schedules and petition-date realities and they generally look first to the debtor's schedules, so long as filed in good faith. Scovis v. Henrichsen, 249 F.3d at 982. The Debtors in the case at bar did not even schedule the Univest debt. They believed that a liquidation sale of business assets would resolve the obligation. There is no evidence of manipulation here. Moreover, Debtors dispute the proper legal characterization of a guaranty claim whose actual amount remains unresolved. The Court should evaluate the realities existing on the petition date, not speculative maximum exposure untethered to collateral value. Local practice favors practical determination based on actual deficiency, not hypothetical maximum exposure. Here, the Univest claim depends upon liquidation or valuation of substantial collateral. On the present record, Trustee cannot establish the amount of any actual deficiency claim. Accordingly, Trustee has not met the burden of proving ineligibility under §109(e).

## V. CONCLUSION

Trustee has not established that Debtors exceeded the Chapter 13 debt limitations of 11 U.S.C. §109(e). The Univest claim is contingent and/or unliquidated to the extent substantial collateral must first be applied before any deficiency can be known. Therefore, Debtors respectfully request that the Motion to Dismiss be denied.

Respectfully submitted,

LAW OFFICES OF JOHN M. HYAMS

Dated:  April 21, 2026          By:      /s/   John M. Hyams
                                         John M. Hyams
                                         1007 N. Front St. Suite 3 South
                                         Harrisburg, PA  17102
                                         Attorney for Debtors